```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

SCOTTSDALE INSURANCE COMPANY,

                Plaintiff,

-against-

EARTH STRUCTURES INC.,
ESI NOBLE, LLC,
SITE 5 DSA OWNER LLC,
BFC PARTNERS DEVELOPMENT LLC,
TACONIC INVESTMENT PARTNERS LLC,
L&M DEVELOPMENT PARTNERS INC.,
ESSEX CROSSING BUILDERS LLC, and
SHAWN MENDEZ,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  2/15/2023
```

23 Civ. 1229 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Scottsdale Insurance Company, brings this action against Defendants Earth Structures Inc. ("Earth"), ESI Noble, LLC ("ESI"), Site 5 DSA Owner LLC ("Site 5"), BFC Partners Development LLC ("BFC"), Taconic Investment Partners LLC ("Taconic"), L&M Development Partners Inc. ("L&M"), Essex Crossing Builders LLC ("Essex"), and Shawn Mendez, invoking subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. Compl. ¶ 12, ECF No. 1. Plaintiff pleads that it is "an insurance company organized under the laws of the State of Ohio and having its principal place of business in the State of Arizona." *Id.* ¶ 1. Plaintiff also pleads that Earth is "a foreign corporation organized under the laws of the State of Delaware and having its principal place of business in the State of New York," *id.* ¶ 2; that ESI "is a domestic limited liability company organized under the laws of and having its principal place of business in the State of New York," *id.* ¶ 3; that Site 5 "is a foreign limited liability company organized under the laws of the State of Delaware and having its principal place of business in the State of New York," *id.* ¶ 4; that BFC "is a domestic limited liability company organized under the laws of and having its principal place of business in the State of New York," *id.* ¶ 5; that Taconic "is a foreign limited liability company organized under the laws of the State of Delaware and having its principal place of business in the State of New York," *id.* ¶ 6; that L&M "is a domestic corporation organized under the laws of and existing in the State of New York," *id.* ¶ 7; that Essex "is a domestic limited liability company organized under the laws of and having its principal place of business in the State of New York," *id.* ¶ 8; and that Mendez "is a resident of the State of New York," *id.* ¶ 9.

      These allegations do not sufficiently allege that the Court has jurisdiction over this action. Because ESI, Site 5, BFC, Taconic, and Essex are limited liability companies, the complaint must allege the citizenship of natural persons who are members of each limited liability company and the place of incorporation and principal place of business of any corporate entities that are members of each limited liability company. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Strother v. Harte*, 171 F. Supp. 2d 203, 205

(S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").

Accordingly, by **February 22, 2023**, Plaintiff shall amend its pleading to allege the citizenship of each constituent person or entity.  If Plaintiff fails to amend by the foregoing date to truthfully allege complete diversity based upon the citizenship of each constituent person or entity of the limited liability companies, then the complaint will be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: February 15, 2023
New York, New York

_____
ANALISA TORRES
United States District Judge